WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

George Carrillo            )
                           )
        Plaintiff,         )        No. CIV 05-1022 PHX RCB
                           )
        vs.                )        O R D E R
                           )
Internal Revenue Service,  )
                           )
        Defendant.         )
_____)

    This matter arises out of a refund suit filed in this Court by
Plaintiff George Carrillo against the Internal Revenue Service on
April 6, 2005 (doc. # 1).  Currently pending before the Court is
the United States' motion to dismiss filed on August 12, 2005 (doc.
# 6).  Plaintiff has not filed a response in opposition to this
motion, and the time to serve and file a responsive memorandum has
now passed.  See LRCiv 7.2(c), 12.1(b), 56.1(b), and App. A ("Time
Chart").  Under Local Rule of Civil Procedure 7.2(i), the Court may
deem a party's lack of opposition-- or untimely opposition-- as
consent to the granting of a motion, and may grant the motion
summarily if it is facially meritorious.  LRCiv 7.2(i); Henry v.

1  Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir. 1993).  Having

2  carefully considered the arguments raised, the Court now rules.

3  **I.    BACKGROUND**

4        Plaintiff's Complaint (doc. # 1) is comprised of several

5  unnumbered pages with unlabeled exhibits interspersed among them.

6  For ease of reference, the Court will assign page numbers and

7  exhibit numbers to the Complaint as follows:

8  •     the unnumbered page with the heading "JURISDICTION" shall be
9        construed as the jurisdictional allegation required by Federal
       Rule of Civil Procedure 8(a)(1), and shall be designated as
10       page 2 of the Complaint;

11 •     the two-page letter from the IRS dated April 10, 2003 shall be
       designated as Exhibit 1 to the Complaint;

12 •     the unnumbered page with the heading "COMPLAINT" shall be
13       construed as Plaintiff's "short and plain statement" of his
       claim required by Federal Rule of Civil Procedure 8(a)(2), and
14       shall be designated as page 3 of the Complaint;

15 •     the undated, notarized letter from Robert Carrillo shall be
       designated as Exhibit 2 to the Complaint;

16 •     the Notice of Right to do Business under an Alternative Name
17       filed with the Maricopa County Recorder on November 1, 1994
       shall be designated as Exhibit 3 to the Complaint;

18 •     the IRS Form 8300 shall be designated as Exhibit 4 to the
       Complaint;
19
20 •     the letter from the Arizona Department of Transportation shall
       be designated as Exhibit 5 to the Complaint; and finally,

21 •     the unnumbered page with the heading "DESIRED OUTCOME" shall
22       be construed as the demand for judgment and prayer for relief
       required by Federal Rule of Civil Procedure 8(a)(3), and shall
23       be designated as page 4 of the Complaint.

24       From January 1, 1995 through December 22, 1999, Plaintiff and

25 his brother, Roberto Carrillo, were partners in a partnership doing

26 business as Carrillos' Truck and Equipment Sales.  Compl. (doc. #

27 1), Ex. 2-3.  After Robert Carrillo's diagnosis with the

28 neuromuscular disorder myasthenia gravis in 1998, business

1   operations apparently ceased or began winding down.  <u>See</u> <u>id.</u>, Ex.

2   2.  The Carrillos have since remained partners throughout the

3   winding down of the business.  <u>Id.</u>  On March 25, 1999, Plaintiff

4   filed an IRS Form 8300 as a partner in Carrillos' Truck and

5   Equipment Sales in connection with the cash sale of a vehicle for

6   $19,500.  <u>Id.</u>, Ex. 4.

7       On May 20, 2002, Plaintiff filed an Amended U.S. Individual

8   Income Tax Return ("IRS Form 1040X") claiming a refund due of $577

9   based on a projected $2,030 net decrease in tax liability for tax

10   period 1999 .  <u>Id.</u> at 2; Mot. (doc. # 6), Ex. 2. at 1.  In early

11   April 2003[1], the IRS sent Plaintiff a notice of disallowance of

12   that claim.  Compl. (doc. # 1), Ex. 1; Mot (doc. # 6), Ex. 1.  As

13   its only reason for the disallowance, the IRS told Plaintiff that

14   "[b]ased on the information provided, you to [sic] not have

15   sufficient bases in the partnership to claim the distribution from

16   the partnhership [sic]."  Mot. (doc. # 6), Ex. 1 at 2.  The IRS

17   also advised Plaintiff of his right to bring suit within two years

18   of the mailing date of that letter.  <u>Id.</u> at 1.

19       On April 6, 2005, Plaintiff filed this refund suit in this

20   Court, naming the IRS as the sole defendant.  Compl. (doc. # 1).

21   On August 12, 2005, the United States filed a Motion to Dismiss or,

22   Alternatively, for Summary Judgment (doc. # 6) asking the Court to

23   dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil

24   Procedure 12(b)(1), (5), and (6) for lack of subject matter

25

26   ───────────────────

27       [1]  According to Plaintiff's exhibit, the notice was sent on April
    10, 2003, <u>see</u> Compl. (doc. # 1), Ex. 1, while the United States'
28   exhibit indicates that the notice was sent on April 4, 2003, <u>see</u> Mot.
    (doc. # 6), Ex. 1.

1  jurisdiction, insufficiency of process, and failure to state a

2  claim upon which relief can be granted.

3  **II.   JURISDICTIONAL ALLEGATION**

4      In its motion to dismiss, the United States contends that

5  Federal Rule of Civil Procedure 12(b)(1) requires dismissal of

6  Plaintiff's Complaint for lack of subject matter jurisdiction, but

7  fails to expand on this argument in its supporting memorandum.

8  Mot. (doc. # 6) at 1.  Because the Court must satisfy itself that

9  it has jurisdiction, it will therefore construe this as an argument

10 that the jurisdictional allegation of Plaintiff's Complaint is

11 facially defective.

12     Under Federal Rule of Civil Procedure 8(a)(1), a claim for

13 relief must contain a "short and plain statement of the grounds

14 upon which the court's jurisdiction depends."  The Ninth Circuit

15 has held that, where the statements in the complaint are sufficient

16 for the district court to recognize that it has jurisdiction, the

17 particular statute conferring jurisdiction need not be specifically

18 pleaded.  <u>Aquirre v. Auto. Teamsters</u>, 633 F.2d 168, 174 (9th Cir.

19 1980) (citing <u>Williams v. United States</u>, 405 F.2d 951, 954 (9th

20 Cir. 1969)).

21     Plaintiff alleges that this Court has jurisdiction to hear

22 this case because "[t]he United States District Court is the only

23 option given by the Internal Revenue Service."  Compl. (doc. # 1)

24 at 2.  He presumably refers to the letter from the IRS advising him

25 of his right to "fil[e] suit with the United States District Court

26 . . . or the United States Claims Court [United States Court of

27 Federal Claims]."  <u>Id.</u>, Ex. 1.  Although the IRS may be correct in

28 its advisement, its letter should not be misunderstood to imply

1  that the agency is actually granting the Court authority to hear

2  this case, because the power to confer jurisdiction on the district

3  courts is constitutionally vested in Congress.  U.S. Const. art.

4  III, § 1; <u>Livingston v. Story</u>, 34 U.S. (9 Pet.) 632, 656 (1835).

5  Nevertheless, the Court finds that there are sufficient statements

6  in Plaintiff's Complaint establishing jurisdiction in a manner

7  provided by Congress.

8       It is apparent to the Court from the face of the Complaint

9  that Plaintiff, by filing this civil action, seeks to recover

10 internal revenue taxes alleged to have been erroneously collected,

11 and that Congress has conferred jurisdiction on the district courts

12 to hear such disputes in 28 U.S.C. § 1346(a)(1).  <u>See</u> Compl. (doc.

13 # 1) at 2-3, Ex.1; 28 U.S.C. §§ 1340, 1346(a)(1); <u>see also</u> 26

14 U.S.C. § 7422(f).  Moreover, to the extent that naming the United

15 States as the proper defendant in such an action may be a

16 jurisdictional element, <u>see</u> 26 U.S.C. § 7422(f) (Refund suits "may

17 be maintained only against the United States . . . ."), such a

18 requirement may be deemed satisfied here because the United States

19 concedes that "suits against the IRS are properly deemed actions

20 against the United States."  <u>See</u> Mot. (doc. # 6), Mem. in Supp. at

21 2, n.1 (internal quotation and citation omitted).  As such, the

22 jurisdictional allegation of Plaintiff's Complaint is adequate.

23      Finally, because the United States is the only proper

24 defendant in this refund suit, <u>see</u> 26 U.S.C. § 7422(f), <u>White v.</u>

25 <u>Internal Revenue Service</u>, 790 F. Supp. 1017, 1919 (D. Nev. 1990),

26 the Court will exercise its authority to join the United States as

27 Defendant in this action pursuant to Federal Rule of Civil

28 Procedure 19(a), and will grant the motion to dismiss (doc. # 6) as

1  to the IRS.[2]

2  **III. INSUFFICIENCY OF SERVICE OF PROCESS**

3      The United States argues that Plaintiff's Complaint should be

4  dismissed for insufficiency of service of process under Federal

5  Rule of Civil Procedure 12(b)(5), because the Complaint has not

6  been properly or timely served upon the Attorney General or the

7  United States Attorney for the District of Arizona.  Mot. (doc. #

8  6), Mem. in Supp. at 3-4.

9      Effective service of process against the United States or its

10  agencies requires delivery of a copy of the summons and of the

11  complaint to the following persons: (1) the United States Attorney

12  _____

13      [2] Because the government is the defendant in this action, it is
    important to consider its potential immunity from suit.  Ordinarily,

14  the government cannot be sued without waiver of its sovereign
    immunity.  United States v. Sherwood, 312 U.S. 584, 586 (1941).

15  Plaintiff's suit, if relief is granted, would expend itself on the
    public treasury of the federal government, and is therefore a suit

16  against the sovereign.  See Dugan v. Rank, 372 U.S. 609, 620 (1963).
    However, the government must raise sovereign immunity as an

17  affirmative defense, see Alden v. Maine, 527 U.S. 706, 737 (1999),

18  Verlinden B.V. v. Cent. Bank of Nig., 461 U.S. 480, 493, n.20 (1983),
    and the United States has not done so here, Mot. (doc. # 6).  Even

19  had the United States raised the defense, the Court is satisfied that
    Congress has conditionally abrogated the government's sovereign

20  immunity in tax refund actions by providing that:

21          No suit or proceeding shall be maintained in any court for
            the recovery of any internal revenue tax alleged to have

22          been erroneously or illegally assessed or collected . . .
            until a claim for refund or credit has been duly filed with

23          the Secretary . . . .

24  26 U.S.C. § 7422(a) (emphasis added).  The notice of disallowance
    attached to both Plaintiff's Complaint (doc. # 1) and the United

25  States' motion to dismiss (doc. # 6) confirms that the condition for

26  waiver has been met by Plaintiff's filing of the requisite claim with
    the Secretary prior to his commencement of this suit.  Compl. (doc.

27  # 1), Ex. 1; Mot. (doc. # 6), Ex. 1.  Accordingly, the Court finds
    that there will be no offense to the dignity of the sovereign in

28  allowing this case to proceed.

1   for the district in which the action is brought; (2) the United

2   States Attorney General at Washington, D.C.; and (3) any officer or

3   agency the validity of whose order is attacked by the action, and

4   who is not made a party.   Fed. R. Civ. P. 4(i)(1)(A)-(C).

5        In the case at hand, it is beyond reasonable dispute that

6   service is defective because Plaintiff has not served the Attorney

7   General or the United States Attorney for the District of Arizona.

8   Instead, only the IRS has been served.[3]   <u>See</u> Return of Service

9   (doc. # 3).   The decisive inquiry is therefore whether Plaintiff's

10  failure to cure the defective service within the 120-day time limit

11  of Rule 4(m) warrants dismissal.   For the reasons below, the Court

12  answers that question in the negative.

13       The timeliness of domestic service of process is measured by

14  reference to Federal Rule of Civil Procedure 4(m):

15           If service of the summons and complaint is not made upon
             a defendant within 120 days after the filing of the
16           complaint, the court, upon motion or on its own
             initiative after notice to the plaintiff, shall dismiss
17           the action without prejudice as to that defendant <u>or
             direct that service be effected within a specified time</u>;
18           provided that if the plaintiff shows good cause for the
             failure, the court shall extend the time for service for
19           an appropriate period. . . .

20  Fed. R. Civ. P. 4(m) (emphasis added as quoted in <u>Henderson v.</u>

21  <u>United States</u>, 517 U.S. 654, 663, n.10).   The Supreme Court has

22  held that Rule 4(m) "accord[s] discretion" for district courts to

23  "enlarge the 120-day period 'even if there is no good cause

24

25  ─────────────────
         [3]   The United States correctly notes that the IRS cannot be sued.
26  Mot. (doc. # 6), Mem. in Supp. at 2, n.1.   However, even if the
    agency was a proper defendant, Plaintiff would still have been
27  required to deliver a copy of the summons and of the complaint to the
    Attorney General and the United States Attorney, which he did not do.
28  <u>See</u> Fed. R. Civ. P. 4(i)(2)(A).

shown,'" <u>Henderson</u>, 517 U.S. at 671 (quoting Fed. R. Civ. P. 4(m) advisory comm. nn. (1993)), adding that the essential purpose of service of process is "auxiliary," not jurisdictional, <u>id.</u> at 671. The Ninth Circuit has since confirmed "that district courts have broad discretion under [Federal Rule of Civil Procedure 4(m)] to extend time for service even without a showing of good cause." <u>United States v. 2,164 Watches</u>, 366 F.3d 767, 772 (9th Cir. 2004) (citing <u>In re Sheehan</u>, 253 F.3d 507, 513 (9th Cir. 2001)).

One factor a court must consider in deciding whether to grant a discretionary extension of time in the absence of a finding of good cause is whether the statute of limitations for the underlying claim has expired.  See <u>2,164 Watches</u>, 366 F.3d at 773 (citing <u>Boley v. Kaymark</u>, 123 F.3d 756, 759 (3d Cir. 1997)); <u>accord</u> Fed. R. Civ. P. 4(m) advisory comm. nn. (1993) ("The new subdivision . . . authorizes the court to relieve a plaintiff of the consequences of [Rule 4(m)] even if there is no good cause shown. . . .  Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action . . . .").  As the Ninth Circuit has explained, dismissal for improper service is intended to be without prejudice so as to allow the plaintiff an opportunity to refile and effectuate timely service.  <u>2,164 Watches</u>, 366 F.3d at 773 (citing <u>Johnson v. Meltzer</u>, 134 F.3d 1393, 1396 (9th Cir. 1998)).  That purpose would be frustrated, however, if the statute of limitations has already run, in which case a dismissal intended to be without prejudice under Rule 4(m) would essentially be with prejudice.  <u>See</u> <u>id.</u>; <u>Matasareanu v. Williams</u>, 183 F.R.D. 242, 246 (C.D. Cal. 1998); <u>see also</u> <u>Coates v. Shalala</u>, 914 F. Supp. 110, 112 (D. Md. 1996) (waiving requirements of Rule 4(m) where <u>pro se</u> plaintiff had

1  failed to serve the United States within the 120-day period and had
2  failed to establish good cause for the delay).

3     Other factors a court may consider in granting a discretionary
4  extension of time include whether the defendant upon whom service
5  was defective had actual notice of the claims asserted against it
6  in the complaint, and whether that defendant would be prejudiced by
7  an extension.  See Coleman v. Cranberry Baye Rental Agency, 202
8  F.R.D. 106, 109, n.2 (N.D.N.Y. 2001).

9     The Court recognizes that "firm application of the Federal
10  Rules of Civil Procedure" is necessary to "ensure that federal
11  officials are not harassed by frivolous lawsuits."  See Butz v.
12  Economou, 438 U.S. 478, 508 (1978).  However, given the early stage
13  of the proceedings and Plaintiff's pro se status, a Rule 4(m)
14  dismissal at this time would be unjust.  Because the two-year
15  statute of limitations applicable to Plaintiff's refund claim will
16  have already run by the time of the Court's ruling on this motion,
17  see 26 U.S.C. § 6532(a)(1), a Rule 4(m) dismissal would effectively
18  cut off Plaintiff's right to redress.  In contrast, by bringing
19  this motion, the United States has demonstrated its notice of the
20  underlying claims against it notwithstanding Plaintiff's defective
21  service.  Under these circumstances, the prejudice to Plaintiff in
22  dismissing his action would be much greater than any prejudice to
23  the United States in granting an extension of time.  Therefore, the
24  Court finds that justice is best served by exercising its
25  discretion under Rule 4(m) to allow Plaintiff fifteen (15) days
26  from the date of entry of this Order in which to serve the United
27  States in accordance with Federal Rule of Civil Procedure 4(i).  If
28  service is not properly effectuated by that time, Plaintiff's case

1  will be dismissed "without prejudice," subject to any statute of

2  limitations defense.

3  **IV.   RULE 12(b)(6) MOTION TO DISMISS**

4      Finally, the United States argues that Plaintiff's Complaint

5  should be dismissed because (1) the relief sought is barred by the

6  two-year statute of limitations set forth at section 6532(a)(1) of

7  the Internal Revenue Code; and (2) the relief sought has already

8  been obtained through tax abatements.  Because these arguments are

9  supported by extrinsic materials beyond the face of the Complaint,

10  the United States argues in the alternative that it would be

11  entitled to summary judgment if the Court were to convert its

12  motion to a Rule 56 motion for summary judgment.

13      **A. Rule 12(b)(6) Standard of Review**

14      Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a

15  party to seek dismissal of a claim if the claimant failed to state

16  a claim upon which relief can be granted.  Fed. R. Civ. P.

17  12(b)(6).  Under Rule 12(b)(6), "dismissal for failure to state a

18  claim is improper unless 'it appears beyond doubt that the

19  plaintiff can prove no set of facts in support of his claim which

20  would entitle him to relief.'"  Schowengerdt v. Gen. Dynamics

21  Corp., 823 F.2d 1328, 1332 (9th Cir. 1987) (quoting Conley v.

22  Gibson, 355 U.S. 41, 45-46 (1957)).  Factual argument is

23  inappropriate in a Rule 12(b)(6) motion, which tests only the legal

24  sufficiency of the complaint.  Thus, in undertaking its analysis,

25  the court must limit its "review to the contents of the complaint,

26  accepting the material factual allegations as true and construing

27  them in the light most favorable to the [non-movant]."  Id.

28      Ordinarily, when matters outside the pleadings are introduced

1 on a Rule 12(b)(6) motion, and these matters are not excluded by
2 the court, the motion is to be treated as one for summary judgment
3 and disposed of as provided in Rule 56.  See Fed. R. Civ. P. 12(b).
4 However, there are at least two instances in which a court may
5 consider such extrinsic materials in determining whether the
6 plaintiff can prove any set of facts in support of a claim without
7 converting a motion to dismiss into a motion for summary judgment.

8      First, the Ninth Circuit has held that "a district court
9 ruling on a motion to dismiss may consider a document the
10 authenticity of which is not contested, and upon which the
11 plaintiff's complaint necessarily relies."  Parrino v. FHP, Inc.,
12 146 F.3d 699, 706 (9th Cir. 1998).

13      Second, under Rule 201 of the Federal Rules of Evidence, a
14 district court may take judicial notice of "matters of public
15 record" outside the pleadings without converting a motion to
16 dismiss into a motion for summary judgment.  MGIC Indem. Corp. v.
17 Weisman, 803 F.2d 500, 504 (9th Cir. 1986).  A court may not,
18 however, take judicial notice of facts that are "subject to
19 reasonable dispute."  Fed. R. Evid. 201(b).

20      The United States has asked the Court, in evaluating the legal
21 sufficiency of Plaintiff's claims, to consider the following: (1) a
22 copy of a two-page notice of disallowance from the IRS dated April
23 4, 2003; and (2) a copy of IRS Form 4340, Certificate of
24 Assessments, Payments and Other Specified Matters for George
25 Carrillo for tax period 1999.  Thus, a threshold matter of inquiry
26 is whether the Court should consider these extrinsic materials
27 under the Rule 12(b)(6) standard of review, or should instead
28 convert the motion to a Rule 56 motion for summary judgment.

**1. Notice of Disallowance Dated April 4, 2003**

Correspondence from the IRS is not a matter of public record apt for judicial notice.  However, if Plaintiff's Complaint "necessarily relies" on the notice of disallowance, and its authenticity is not contested, then the Court may consider that document without converting the pending Rule 12(b)(6) motion into a Rule 56 motion for summary judgment.

In the instant case, the Court would be inclined to consider the notice of disallowance because Plaintiff has also attached what appears to be the same document to the Complaint.  Compl. (doc. # 1), Ex. 1; see also Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (in resolving a Rule 12(b)(6) motion, the district court was justified in considering the factual findings of an arbitration award attached to the plaintiff's complaint).  However, the Court cannot say that the authenticity of the letter offered by the United States, Mot. (doc. # 6), Ex. 1, is undisputed.  Although the United States' exhibit and Plaintiff's exhibit substantially appear to be the same letter, the former is dated April 4, 2003, while Plaintiff's exhibit is dated April 10, 2003.  Compare Compl. (doc. # 1), Ex. 1 at 1 with Mot. (doc. # 6), Ex. 1 at 1.  Because Plaintiff's refund suit was filed on April 6, 2005, see Compl. (doc. # 1), the date of the IRS' letter is crucial to determining whether Plaintiff filed this action within the two-year statute of limitations.[4]  Therefore, the Court will not

_____

[4]   Under section 6532(a)(1) of the Internal Revenue Code, a refund suit must be filed within two years from the date of mailing of a notice of the disallowance of the claim to which the suit relates.  26 U.S.C. § 6532(a)(1).

1  consider the notice of disallowance dated April 4, 2003 under the

2  Rule 12(b)(6) standard of review.

3      **2. IRS Form 4340 for Tax Period 1999**

4      Similarly, the IRS Form 4340 attached to the United States'

5  motion, Mot. (doc. # 6), Ex. 3, is neither a matter of public

6  record suited for judicial notice, nor is it a document upon which

7  Plaintiff's Complaint necessarily relies.  The United States notes

8  that the sum total of tax abatements reflected on the Form 4340 is

9  the same as the $577 refund claimed on the Form 1040X.[5]  <u>See</u> Mot.

10 (doc. # 6) at 4-5.  This observation raises a factual dispute more

11 appropriate for a Rule 56 motion for summary judgment.  Therefore,

12 the Court will not consider the IRS Form 4340 in resolving this

13 Rule 12(b)(6) motion.

14      **B. Conversion to Rule 56 Motion for Summary Judgment**

15     If a district court converts a Rule 12(b)(6) motion to dismiss

16 to a Rule 56 motion for summary judgment on account of extrinsic

17 materials offered by the moving party, it must provide all parties

18 a "reasonable opportunity to present all material made pertinent to

19 such a motion by Rule 56."  Fed. R. Civ. P. 12(b).  Where the

20 nonmoving party is appearing <u>pro se</u>, the Ninth Circuit requires

21

22     [5]  Plaintiff's Complaint refers to an IRS Form 1040X which he had
23 filed prior to March 10, 2003, Compl. (doc. # 1) at 3, and
   incorporates a letter from the IRS concerning a claim for $2,030 that
24 was received by the IRS on May 20, 2002, <u>Id.</u>, Ex. 1.  The United
   States has attached to its motion the Form 1040X to which Plaintiff's
25 Complaint undoubtedly refers.  <u>See</u> Mot. (doc. # 6), Ex. 2 at 1 (Form
   1040X received by IRS on May 20, 2002, claiming $2,030 net decrease
26 in tax liability for tax period 1999).  Although the Court could
   consider the Form 1040X in connection with the United States' Rule
27 12(b)(6) motion as a document upon which the Complaint necessarily
   relies, it cannot extend its review to the IRS Form 4340 to which the
28 Complaint makes no reference.

1  strict adherence to the formal notice requirement before a Rule
2  12(b)(6) motion may be converted to-- and ultimately resolved as--
3  a Rule 56 motion for a summary judgment.  Lucas v. Dep't of Corr.,
4  66 F.3d 245, 248 (9th Cir. 1995).  The notice requirement serves to
5  protect the nonmoving pro se party from prejudice upon the
6  conversion of a Rule 12(b)(6) motion to  Rule 56 motion.  See
7  Garaux v. Pulley, 739 F.2d 437, 438-40 (9th Cir. 1984).

8       Because the materials offered by the United States may not be
9  considered under the Rule 12(b)(6) standard of review, the Court
10  will convert the remainder of the United States' motion to a Rule
11  56 motion for summary judgment.  In Parts II and III, supra, the
12  Court has already addressed the United States' arguments concerning
13  the jurisdictional allegation of Plaintiff's Complaint and
14  insufficiency of service of process pursuant to Rules 8(a)(1),
15  12(b)(1), and 12(b)(5).  Therefore, only two issues remain to be
16  determined on summary judgment-- whether the relief sought by
17  Plaintiff is barred by the two-year statute of limitations of
18  Internal Revenue Code section 6532(a)(1); and whether the relief
19  sought by Plaintiff has already been obtained through tax
20  abatements.  These matters will remain under advisement as a motion
21  for summary judgment, and the Court will rule after having provided
22  the parties with a reasonable opportunity to respond and present
23  all material made pertinent to such a motion by Rule 56.

24       Plaintiff shall have fifteen (15) days from the date of entry
25  of this Order within which to serve and file a response in
26  opposition to the United States' motion (doc. # 6) and to present
27  all evidence pertinent to a Rule 56 motion on the two remaining
28  issues-- whether the relief sought by Plaintiff is barred by the

1  two-year statute of limitations of Internal Revenue Code section

2  6532(a)(1)[6]; and whether the relief sought has already been

3  obtained through tax abatements.  The United States shall have

4  fifteen (15) days from the date on which a responsive memorandum,

5  if any, is filed by Plaintiff within which to serve and file a

6  reply in support of its motion.

7  **IV.   CONCLUSION**

8       In light of the foregoing analysis, the Court finds that it

9  has subject matter jurisdiction over this case and that the

10 jurisdictional allegation of Plaintiff's Complaint satisfies the

11 requirement of Federal Rule of Civil Procedure 8(a)(1); that the

12 IRS is not a suable entity; that the United States is the only

13 proper defendant in this action and that complete relief cannot be

14 accorded among those already parties in the absence of the United

15 States' joinder as Defendant; that Plaintiff has not properly

16 effectuated service of process upon the United States in accordance

17 with Federal Rule of Civil Procedure 4(i); that the circumstances

18 of the case warrant an extension of time within which Plaintiff may

19 properly effectuate service of process upon the United States; and

20 that the remainder of the United States' motion, which argues for

21 dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(6), is

22 best resolved at this time by being converted to, and held under

23

24       [6]  As to the statute of limitations issue, the Court would be
   inclined to find that a genuine issue of material fact has already
25 been established by virtue of the conflict between the April 10, 2003
   mailing date of Plaintiff's Exhibit 1, and the April 4, 2004 mailing
26 date of the United States' Exhibit 1.  Compare Compl. (doc. # 1), Ex.
   1 with Mot. (doc. # 6), Ex. 1.  However, the authenticity of
27 Plaintiff's Exhibit 1 is not supported by any statement under oath.
   Accordingly, the statute of limitations issue will remain under
28 advisement until it has been fully briefed.

- 15 -

advisement as, a Rule 56 motion for summary judgment, because the
United States has presented extrinsic materials beyond the face of
the Complaint.

Accordingly, Plaintiff shall have fifteen (15) days from the
date of entry of this Order within which to effectuate service of
process upon the United States in accordance with Federal Rule of
Civil Procedure 4(i); and shall have fifteen (15) days from the
date of entry of this Order within which to serve and file a
response to the United States' motion for summary judgment (doc. #
6), along with any evidence made pertinent to such a motion by Rule
56, on the following two issues-- whether the relief sought by
Plaintiff is barred by the two-year statute of limitations of
Internal Revenue Code section 6532(a)(1); and whether the relief
sought in the Complaint has already been obtained through tax
abatements.  The United States shall have fifteen (15) days from
the date on which a responsive memorandum, if any, is filed by
Plaintiff within which to serve and file a reply in support of its
motion.

Finally, if Plaintiff does not properly effectuate service of
process upon the United States within the time allotted by this
Order, his Complaint will be dismissed without prejudice, subject
to any statute of limitations defense.

Therefore,

IT IS ORDERED that the United States' motion to dismiss (doc.
# 6) is GRANTED in part and DENIED in part, with the remainder of
the motion being converted to, and held under advisement as, a
motion for summary judgment.

IT IS FURTHER ORDERED that the United States is joined as

1 Defendant in this action pursuant to Federal Rule of Civil
2 Procedure 19(a).
3     IT IS FURTHER ORDERED that the United States' motion to
4 dismiss (doc. # 6) is GRANTED on all counts as to Defendant
5 Internal Revenue Service.
6     IT IS FURTHER ORDERED that the United States' motion to
7 dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (doc.
8 # 6) is DENIED.
9     IT IS FURTHER ORDERED that the United States' motion to
10 dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) (doc.
11 # 6) is DENIED.
12     IT IS FURTHER ORDERED that the remainder of the United States'
13 motion to dismiss pursuant to Rule 12(b)(6) (doc. # 6) shall be
14 converted to, and held under advisement as, a Rule 56 motion for
15 summary judgment.  Plaintiff shall have fifteen (15) days from the
16 date of entry of this Order within which to serve and file a
17 response, along with any evidence made pertinent to such a motion
18 by Rule 56.  The United States shall have fifteen (15) days from
19 the date on which a responsive memorandum, if any, is filed by
20 Plaintiff within which to serve and file a reply in support of its
21 motion.
22     IT IS FURTHER ORDERED that the time for Plaintiff to
23 effectuate service of process upon the United States shall be
24 extended to fifteen (15) days from the date of entry of this Order.
25 If Plaintiff does not properly effectuate service of process in
26 accordance with Federal Rule of Civil Procedure 4(i) within that
27 time, his Complaint will be dismissed without prejudice, subject to
28 any statute of limitations defense.

1    IT IS FINALLY ORDERED directing the Clerk of the Court to

2  enter judgment in favor of Defendant Internal Revenue Service.

3  This case is not to be terminated, however, pending the passage of

4  time allotted by this Order for Plaintiff to effectuate service of

5  process upon the United States which has been joined as Defendant.

6    DATED this 19th day of January, 2006.

7

8

9    _____

10   Robert C. Broomfield
     Senior United States District Judge

11 Copies to counsel of record and plaintiff pro se

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28