**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| George Carrillo, | ) |
| Plaintiff, | ) No. CIV 05-1022 PHX RCB |
| vs. | ) AMENDED ORDER |
| Internal Revenue Service, | ) |
| Defendant. | ) |

This matter arises out of a refund suit filed in this Court by Plaintiff George Carrillo against the Internal Revenue Service on April 6, 2005 (doc. # 1).  Currently pending before the Court is the United States' motion to dismiss filed on August 12, 2005 (doc. # 6).  Plaintiff has not filed a response in opposition to this motion, and the time to serve and file a responsive memorandum has now passed.  See LRCiv 7.2(c), 12.1(b), 56.1(b), and App. A ("Time Chart").  Under Local Rule of Civil Procedure 7.2(i), the Court may deem a party's lack of opposition-- or untimely opposition-- as consent to the granting of a motion, and may grant the motion summarily if it is facially meritorious.  LRCiv 7.2(i); Henry v.

1  Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir. 1993).  Having
2  carefully considered the arguments raised, the Court now rules.
3  **I.     BACKGROUND**
4       Plaintiff's Complaint (doc. # 1) is comprised of several
5  unnumbered pages with unlabeled exhibits interspersed among them.
6  For ease of reference, the Court will assign page numbers and
7  exhibit numbers to the Complaint as follows:
8  •    the unnumbered page with the heading "JURISDICTION" shall be
        construed as the jurisdictional allegation required by Federal
9       Rule of Civil Procedure 8(a)(1), and shall be designated as
        page 2 of the Complaint;
10
   •    the two-page letter from the IRS dated April 10, 2003 shall be
11      designated as Exhibit 1 to the Complaint;

12 •    the unnumbered page with the heading "COMPLAINT" shall be
        construed as Plaintiff's "short and plain statement" of his
13      claim required by Federal Rule of Civil Procedure 8(a)(2), and
        shall be designated as page 3 of the Complaint;
14
   •    the undated, notarized letter from Robert Carrillo shall be
15      designated as Exhibit 2 to the Complaint;

16 •    the Notice of Right to do Business under an Alternative Name
        filed with the Maricopa County Recorder on November 1, 1994
17      shall be designated as Exhibit 3 to the Complaint;

18 •    the IRS Form 8300 shall be designated as Exhibit 4 to the
        Complaint;
19
   •    the letter from the Arizona Department of Transportation shall
20      be designated as Exhibit 5 to the Complaint; and finally,

21 •    the unnumbered page with the heading "DESIRED OUTCOME" shall
        be construed as the demand for judgment and prayer for relief
22      required by Federal Rule of Civil Procedure 8(a)(3), and shall
        be designated as page 4 of the Complaint.
23
24      From January 1, 1995 through December 22, 1999, Plaintiff and
25 his brother, Roberto Carrillo, were partners in a partnership doing
26 business as Carrillos' Truck and Equipment Sales.  Compl. (doc. #
27 1), Ex. 2-3.  After Robert Carrillo's diagnosis with the
28 neuromuscular disorder myasthenia gravis in 1998, business

operations apparently ceased or began winding down. See id., Ex. 2. The Carrillos have since remained partners throughout the winding down of the business. Id. On March 25, 1999, Plaintiff filed an IRS Form 8300 as a partner in Carrillos' Truck and Equipment Sales in connection with the cash sale of a vehicle for $19,500. Id., Ex. 4.

On May 20, 2002, Plaintiff filed an Amended U.S. Individual Income Tax Return ("IRS Form 1040X") claiming a refund due of $577 based on a projected $2,030 net decrease in tax liability for tax period 1999. Id. at 2; Mot. (doc. # 6), Ex. 2. at 1. In early April 2003[1], the IRS sent Plaintiff a notice of disallowance of that claim. Compl. (doc. # 1), Ex. 1; Mot (doc. # 6), Ex. 1. As its only reason for the disallowance, the IRS told Plaintiff that "[b]ased on the information provided, you to [sic] not have sufficient bases in the partnership to claim the distribution from the partnhership [sic]." Mot. (doc. # 6), Ex. 1 at 2. The IRS also advised Plaintiff of his right to bring suit within two years of the mailing date of that letter. Id. at 1.

On April 6, 2005, Plaintiff filed this refund suit in this Court, naming the IRS as the sole defendant. Compl. (doc. # 1). On August 12, 2005, the United States filed a Motion to Dismiss or, Alternatively, for Summary Judgment (doc. # 6) asking the Court to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), (5), and (6) for lack of subject matter

---

[1] According to Plaintiff's exhibit, the notice was sent on April 10, 2003, see Compl. (doc. # 1), Ex. 1, while the United States' exhibit indicates that the notice was sent on April 4, 2003, see Mot. (doc. # 6), Ex. 1.

-3-

jurisdiction, insufficiency of process, and failure to state a claim upon which relief can be granted.

## II. JURISDICTIONAL ALLEGATION

In its motion to dismiss, the United States contends that Federal Rule of Civil Procedure 12(b)(1) requires dismissal of Plaintiff's Complaint for lack of subject matter jurisdiction, but fails to expand on this argument in its supporting memorandum. Mot. (doc. # 6) at 1. Because the Court must satisfy itself that it has jurisdiction, it will therefore construe this as an argument that the jurisdictional allegation of Plaintiff's Complaint is facially defective.

Under Federal Rule of Civil Procedure 8(a)(1), a claim for relief must contain a "short and plain statement of the grounds upon which the court's jurisdiction depends." The Ninth Circuit has held that, where the statements in the complaint are sufficient for the district court to recognize that it has jurisdiction, the particular statute conferring jurisdiction need not be specifically pleaded. Aguirre v. Auto. Teamsters, 633 F.2d 168, 174 (9th Cir. 1980) (citing Williams v. United States, 405 F.2d 951, 954 (9th Cir. 1969)).

Plaintiff alleges that this Court has jurisdiction to hear this case because "[t]he United States District Court is the only option given by the Internal Revenue Service." Compl. (doc. # 1) at 2. He presumably refers to the letter from the IRS advising him of his right to "fil[e] suit with the United States District Court . . . or the United States Claims Court [United States Court of Federal Claims]." Id., Ex. 1. Although the IRS may be correct in its advisement, its letter should not be misunderstood to imply

-4-

that the agency is actually granting the Court authority to hear this case, because the power to confer jurisdiction on the district courts is constitutionally vested in Congress.  U.S. Const. art. III, § 1; <u>Livingston v. Story</u>, 34 U.S. (9 Pet.) 632, 656 (1835).  Nevertheless, the Court finds that there are sufficient statements in Plaintiff's Complaint establishing jurisdiction in a manner provided by Congress.

It is apparent to the Court from the face of the Complaint that Plaintiff, by filing this civil action, seeks to recover internal revenue taxes alleged to have been erroneously collected, and that Congress has conferred jurisdiction on the district courts to hear such disputes in 28 U.S.C. § 1346(a)(1).  <u>See</u> Compl. (doc. # 1) at 2-3, Ex.1; 28 U.S.C. §§ 1340, 1346(a)(1); <u>see also</u> 26 U.S.C. § 7422(f).  Moreover, to the extent that naming the United States as the proper defendant in such an action may be a jurisdictional element, <u>see</u> 26 U.S.C. § 7422(f) (Refund suits "may be maintained only against the United States . . . ."), such a requirement may be deemed satisfied here because the United States concedes that "suits against the IRS are properly deemed actions against the United States."  <u>See</u> Mot. (doc. # 6), Mem. in Supp. at 2, n.1 (internal quotation and citation omitted).  As such, the jurisdictional allegation of Plaintiff's Complaint is adequate.

Finally, because the United States is the only proper defendant in this refund suit, <u>see</u> 26 U.S.C. § 7422(f), <u>White v. Internal Revenue Service</u>, 790 F. Supp. 1017, 1919 (D. Nev. 1990), the Court will exercise its authority to join the United States as Defendant in this action pursuant to Federal Rule of Civil Procedure 19(a), and will grant the motion to dismiss (doc. # 6) as

to the IRS.[2]

## III. INSUFFICIENCY OF SERVICE OF PROCESS

The United States argues that Plaintiff's Complaint should be dismissed for insufficiency of service of process under Federal Rule of Civil Procedure 12(b)(5), because the Complaint has not been properly or timely served upon the Attorney General or the United States Attorney for the District of Arizona.  Mot. (doc. # 6), Mem. in Supp. at 3-4.

Effective service of process against the United States or its agencies requires delivery of a copy of the summons and of the complaint to the following persons: (1) the United States Attorney

---

[2] Because the government is the defendant in this action, it is important to consider its potential immunity from suit. Ordinarily, the government cannot be sued without waiver of its sovereign immunity.  United States v. Sherwood, 312 U.S. 584, 586 (1941). Plaintiff's suit, if relief is granted, would expend itself on the public treasury of the federal government, and is therefore a suit against the sovereign. See Dugan v. Rank, 372 U.S. 609, 620 (1963). However, the government must raise sovereign immunity as an affirmative defense, see Alden v. Maine, 527 U.S. 706, 737 (1999), Verlinden B.V. v. Cent. Bank of Nig., 461 U.S. 480, 493, n.20 (1983), and the United States has not done so here, Mot. (doc. # 6).  Even had the United States raised the defense, the Court is satisfied that Congress has conditionally abrogated the government's sovereign immunity in tax refund actions by providing that:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . <u>until a claim for refund or credit has been duly filed with the Secretary</u> . . . .

26 U.S.C. § 7422(a) (emphasis added).  The notice of disallowance attached to both Plaintiff's Complaint (doc. # 1) and the United States' motion to dismiss (doc. # 6) confirms that the condition for waiver has been met by Plaintiff's filing of the requisite claim with the Secretary prior to his commencement of this suit. Compl. (doc. # 1), Ex. 1; Mot. (doc. # 6), Ex. 1.  Accordingly, the Court finds that there will be no offense to the dignity of the sovereign in allowing this case to proceed.

for the district in which the action is brought; (2) the United States Attorney General at Washington, D.C.; and (3) any officer or agency the validity of whose order is attacked by the action, and who is not made a party. Fed. R. Civ. P. 4(i)(1)(A)-(C).

In the case at hand, it is beyond reasonable dispute that service is defective because Plaintiff has not served the Attorney General or the United States Attorney for the District of Arizona. Instead, only the IRS has been served.[3] See Return of Service (doc. # 3). The decisive inquiry is therefore whether Plaintiff's failure to cure the defective service within the 120-day time limit of Rule 4(m) warrants dismissal. For the reasons below, the Court answers that question in the negative.

The timeliness of domestic service of process is measured by reference to Federal Rule of Civil Procedure 4(m):

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant <u>or direct that service be effected within a specified time</u>; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m) (emphasis added as quoted in <u>Henderson v. United States</u>, 517 U.S. 654, 663, n.10). The Supreme Court has held that Rule 4(m) "accord[s] discretion" for district courts to "enlarge the 120-day period 'even if there is no good cause

---

[3] The United States correctly notes that the IRS cannot be sued. Mot. (doc. # 6), Mem. in Supp. at 2, n.1. However, even if the agency was a proper defendant, Plaintiff would still have been required to deliver a copy of the summons and of the complaint to the Attorney General and the United States Attorney, which he did not do. See Fed. R. Civ. P. 4(i)(2)(A).

-7-

1 shown,'" Henderson, 517 U.S. at 671 (quoting Fed. R. Civ. P. 4(m)
2 advisory comm. nn. (1993)), adding that the essential purpose of
3 service of process is "auxiliary," not jurisdictional, id. at 671.
4 The Ninth Circuit has since confirmed "that district courts have
5 broad discretion under [Federal Rule of Civil Procedure 4(m)] to
6 extend time for service even without a showing of good cause."
7 United States v. 2,164 Watches, 366 F.3d 767, 772 (9th Cir. 2004)
8 (citing In re Sheehan, 253 F.3d 507, 513 (9th Cir. 2001)).

9     One factor a court must consider in deciding whether to grant
10 a discretionary extension of time in the absence of a finding of
11 good cause is whether the statute of limitations for the underlying
12 claim has expired.  See 2,164 Watches, 366 F.3d at 773 (citing
13 Boley v. Kaymark, 123 F.3d 756, 759 (3d Cir. 1997)); accord Fed. R.
14 Civ. P. 4(m) advisory comm. nn. (1993) ("The new subdivision . . .
15 authorizes the court to relieve a plaintiff of the consequences of
16 [Rule 4(m)] even if there is no good cause shown. . . .  Relief may
17 be justified, for example, if the applicable statute of limitations
18 would bar the refiled action . . . .").  As the Ninth Circuit has
19 explained, dismissal for improper service is intended to be without
20 prejudice so as to allow the plaintiff an opportunity to refile and
21 effectuate timely service.  2,164 Watches, 366 F.3d at 773 (citing
22 Johnson v. Meltzer, 134 F.3d 1393, 1396 (9th Cir. 1998)).  That
23 purpose would be frustrated, however, if the statute of limitations
24 has already run, in which case a dismissal intended to be without
25 prejudice under Rule 4(m) would essentially be with prejudice.  See
26 id.; Matasareanu v. Williams, 183 F.R.D. 242, 246 (C.D. Cal. 1998);
27 see also Coates v. Shalala, 914 F. Supp. 110, 112 (D. Md. 1996)
28 (waiving requirements of Rule 4(m) where pro se plaintiff had

- 8 -

failed to serve the United States within the 120-day period and had failed to establish good cause for the delay).

Other factors a court may consider in granting a discretionary extension of time include whether the defendant upon whom service was defective had actual notice of the claims asserted against it in the complaint, and whether that defendant would be prejudiced by an extension. See Coleman v. Cranberry Baye Rental Agency, 202 F.R.D. 106, 109, n.2 (N.D.N.Y. 2001).

The Court recognizes that "firm application of the Federal Rules of Civil Procedure" is necessary to "ensure that federal officials are not harassed by frivolous lawsuits." See Butz v. Economou, 438 U.S. 478, 508 (1978). However, given the early stage of the proceedings and Plaintiff's pro se status, a Rule 4(m) dismissal at this time would be unjust. Because the two-year statute of limitations applicable to Plaintiff's refund claim will have already run by the time of the Court's ruling on this motion, see 26 U.S.C. § 6532(a)(1), a Rule 4(m) dismissal would effectively cut off Plaintiff's right to redress. In contrast, by bringing this motion, the United States has demonstrated its notice of the underlying claims against it notwithstanding Plaintiff's defective service. Under these circumstances, the prejudice to Plaintiff in dismissing his action would be much greater than any prejudice to the United States in granting an extension of time. Therefore, the Court finds that justice is best served by exercising its discretion under Rule 4(m) to allow Plaintiff fifteen (15) days from the date of entry of this Order in which to serve the United States in accordance with Federal Rule of Civil Procedure 4(i). If service is not properly effectuated by that time, Plaintiff's case

will be dismissed "without prejudice," subject to any statute of limitations defense.

## IV. RULE 12(b)(6) MOTION TO DISMISS

Finally, the United States argues that Plaintiff's Complaint should be dismissed because (1) the relief sought is barred by the two-year statute of limitations set forth at section 6532(a)(1) of the Internal Revenue Code; and (2) the relief sought has already been obtained through tax abatements. Because these arguments are supported by extrinsic materials beyond the face of the Complaint, the United States argues in the alternative that it would be entitled to summary judgment if the Court were to convert its motion to a Rule 56 motion for summary judgment.

### A. Rule 12(b)(6) Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to seek dismissal of a claim if the claimant failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), "dismissal for failure to state a claim is improper unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Schowengerdt v. Gen. Dynamics Corp., 823 F.2d 1328, 1332 (9th Cir. 1987) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Factual argument is inappropriate in a Rule 12(b)(6) motion, which tests only the legal sufficiency of the complaint. Thus, in undertaking its analysis, the court must limit its "review to the contents of the complaint, accepting the material factual allegations as true and construing them in the light most favorable to the [non-movant]." Id.

Ordinarily, when matters outside the pleadings are introduced

on a Rule 12(b)(6) motion, and these matters are not excluded by the court, the motion is to be treated as one for summary judgment and disposed of as provided in Rule 56.  See Fed. R. Civ. P. 12(b). However, there are at least two instances in which a court may consider such extrinsic materials in determining whether the plaintiff can prove any set of facts in support of a claim without converting a motion to dismiss into a motion for summary judgment.

First, the Ninth Circuit has held that "a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies."  Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998).

Second, under Rule 201 of the Federal Rules of Evidence, a district court may take judicial notice of "matters of public record" outside the pleadings without converting a motion to dismiss into a motion for summary judgment.  MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).  A court may not, however, take judicial notice of facts that are "subject to reasonable dispute."  Fed. R. Evid. 201(b).

The United States has asked the Court, in evaluating the legal sufficiency of Plaintiff's claims, to consider the following: (1) a copy of a two-page notice of disallowance from the IRS dated April 4, 2003; and (2) a copy of IRS Form 4340, Certificate of Assessments, Payments and Other Specified Matters for George Carrillo for tax period 1999.  Thus, a threshold matter of inquiry is whether the Court should consider these extrinsic materials under the Rule 12(b)(6) standard of review, or should instead convert the motion to a Rule 56 motion for summary judgment.

**1. Notice of Disallowance Dated April 4, 2003**

Correspondence from the IRS is not a matter of public record apt for judicial notice. However, if Plaintiff's Complaint "necessarily relies" on the notice of disallowance, and its authenticity is not contested, then the Court may consider that document without converting the pending Rule 12(b)(6) motion into a Rule 56 motion for summary judgment.

In the instant case, the Court would be inclined to consider the notice of disallowance because Plaintiff has also attached what appears to be the same document to the Complaint. Compl. (doc. # 1), Ex. 1; see also Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (in resolving a Rule 12(b)(6) motion, the district court was justified in considering the factual findings of an arbitration award attached to the plaintiff's complaint). However, the Court cannot say that the authenticity of the letter offered by the United States, Mot. (doc. # 6), Ex. 1, is undisputed. Although the United States' exhibit and Plaintiff's exhibit substantially appear to be the same letter, the former is dated April 4, 2003, while Plaintiff's exhibit is dated April 10, 2003. Compare Compl. (doc. # 1), Ex. 1 at 1 with Mot. (doc. # 6), Ex. 1 at 1. Because Plaintiff's refund suit was filed on April 6, 2005, see Compl. (doc. # 1), the date of the IRS' letter is crucial to determining whether Plaintiff filed this action within the two-year statute of limitations.[4]  Therefore, the Court will not

---

[4] Under section 6532(a)(1) of the Internal Revenue Code, a refund suit must be filed within two years from the date of mailing of a notice of the disallowance of the claim to which the suit relates.  26 U.S.C. § 6532(a)(1).

- 12 -

1 consider the notice of disallowance dated April 4, 2003 under the
2 Rule 12(b)(6) standard of review.

### 2. IRS Form 4340 for Tax Period 1999

Similarly, the IRS Form 4340 attached to the United States' motion, Mot. (doc. # 6), Ex. 3, is neither a matter of public record suited for judicial notice, nor is it a document upon which Plaintiff's Complaint necessarily relies. The United States notes that the sum total of tax abatements reflected on the Form 4340 is the same as the $577 refund claimed on the Form 1040X.[5] See Mot. (doc. # 6) at 4-5. This observation raises a factual dispute more appropriate for a Rule 56 motion for summary judgment. Therefore, the Court will not consider the IRS Form 4340 in resolving this Rule 12(b)(6) motion.

### B. Conversion to Rule 56 Motion for Summary Judgment

If a district court converts a Rule 12(b)(6) motion to dismiss to a Rule 56 motion for summary judgment on account of extrinsic materials offered by the moving party, it must provide all parties a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b). Where the nonmoving party is appearing pro se, the Ninth Circuit requires

---

[5] Plaintiff's Complaint refers to an IRS Form 1040X which he had filed prior to March 10, 2003, Compl. (doc. # 1) at 3, and incorporates a letter from the IRS concerning a claim for $2,030 that was received by the IRS on May 20, 2002, Id., Ex. 1. The United States has attached to its motion the Form 1040X to which Plaintiff's Complaint undoubtedly refers. See Mot. (doc. # 6), Ex. 2 at 1 (Form 1040X received by IRS on May 20, 2002, claiming $2,030 net decrease in tax liability for tax period 1999). Although the Court could consider the Form 1040X in connection with the United States' Rule 12(b)(6) motion as a document upon which the Complaint necessarily relies, it cannot extend its review to the IRS Form 4340 to which the Complaint makes no reference.

- 13 -

strict adherence to the formal notice requirement before a Rule 12(b)(6) motion may be converted to-- and ultimately resolved as-- a Rule 56 motion for a summary judgment. Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995). The notice requirement serves to protect the nonmoving pro se party from prejudice upon the conversion of a Rule 12(b)(6) motion to Rule 56 motion. See Garaux v. Pulley, 739 F.2d 437, 438-40 (9th Cir. 1984).

Because the materials offered by the United States may not be considered under the Rule 12(b)(6) standard of review, the Court will convert the remainder of the United States' motion to a Rule 56 motion for summary judgment. In Parts II and III, supra, the Court has already addressed the United States' arguments concerning the jurisdictional allegation of Plaintiff's Complaint and insufficiency of service of process pursuant to Rules 8(a)(1), 12(b)(1), and 12(b)(5). Therefore, only two issues remain to be determined on summary judgment-- whether the relief sought by Plaintiff is barred by the two-year statute of limitations of Internal Revenue Code section 6532(a)(1); and whether the relief sought by Plaintiff has already been obtained through tax abatements. These matters will remain under advisement as a motion for summary judgment, and the Court will rule after having provided the parties with a reasonable opportunity to respond and present all material made pertinent to such a motion by Rule 56.

Plaintiff shall have fifteen (15) days from the date of entry of this Order within which to serve and file a response in opposition to the United States' motion (doc. # 6) and to present all evidence pertinent to a Rule 56 motion on the two remaining issues-- whether the relief sought by Plaintiff is barred by the

two-year statute of limitations of Internal Revenue Code section 6532(a)(1)[6]; and whether the relief sought has already been obtained through tax abatements.  The United States shall have fifteen (15) days from the date on which a responsive memorandum, if any, is filed by Plaintiff within which to serve and file a reply in support of its motion.

**IV.   CONCLUSION**

In light of the foregoing analysis, the Court finds that it has subject matter jurisdiction over this case and that the jurisdictional allegation of Plaintiff's Complaint satisfies the requirement of Federal Rule of Civil Procedure 8(a)(1); that the IRS is not a suable entity; that the United States is the only proper defendant in this action and that complete relief cannot be accorded among those already parties in the absence of the United States' joinder as Defendant; that Plaintiff has not properly effectuated service of process upon the United States in accordance with Federal Rule of Civil Procedure 4(i); that the circumstances of the case warrant an extension of time within which Plaintiff may properly effectuate service of process upon the United States; and that the remainder of the United States' motion, which argues for dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(6), is best resolved at this time by being converted to, and held under

---

[6] As to the statute of limitations issue, the Court would be inclined to find that a genuine issue of material fact has already been established by virtue of the conflict between the April 10, 2003 mailing date of Plaintiff's Exhibit 1, and the April 4, 2004 mailing date of the United States' Exhibit 1. <u>Compare</u> Compl. (doc. # 1), Ex. 1 <u>with</u> Mot. (doc. # 6), Ex. 1.  However, the authenticity of Plaintiff's Exhibit 1 is not supported by any statement under oath. Accordingly, the statute of limitations issue will remain under advisement until it has been fully briefed.

advisement as, a Rule 56 motion for summary judgment, because the United States has presented extrinsic materials beyond the face of the Complaint.

Accordingly, Plaintiff shall have fifteen (15) days from the date of entry of this Order within which to effectuate service of process upon the United States in accordance with Federal Rule of Civil Procedure 4(i); and shall have fifteen (15) days from the date of entry of this Order within which to serve and file a response to the United States' motion for summary judgment (doc. # 6), along with any evidence made pertinent to such a motion by Rule 56, on the following two issues-- whether the relief sought by Plaintiff is barred by the two-year statute of limitations of Internal Revenue Code section 6532(a)(1); and whether the relief sought in the Complaint has already been obtained through tax abatements.  The United States shall have fifteen (15) days from the date on which a responsive memorandum, if any, is filed by Plaintiff within which to serve and file a reply in support of its motion.

Finally, if Plaintiff does not properly effectuate service of process upon the United States within the time allotted by this Order, his Complaint will be dismissed without prejudice, subject to any statute of limitations defense.
Therefore,

IT IS ORDERED that the United States' motion to dismiss (doc. # 6) is GRANTED in part and DENIED in part, with the remainder of the motion being converted to, and held under advisement as, a motion for summary judgment.

IT IS FURTHER ORDERED that the United States is joined as

- 16 -

Defendant in this action pursuant to Federal Rule of Civil Procedure 19(a).

IT IS FURTHER ORDERED that the United States' motion to dismiss (doc. # 6) is GRANTED on all counts as to Defendant Internal Revenue Service.

IT IS FURTHER ORDERED that the United States' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (doc. # 6) is DENIED.

IT IS FURTHER ORDERED that the United States' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) (doc. # 6) is DENIED.

IT IS FURTHER ORDERED that the remainder of the United States' motion to dismiss pursuant to Rule 12(b)(6) (doc. # 6) shall be converted to, and held under advisement as, a Rule 56 motion for summary judgment.  Plaintiff shall have fifteen (15) days from the date of entry of this Order within which to serve and file a response, along with any evidence made pertinent to such a motion by Rule 56.  The United States shall have fifteen (15) days from the date on which a responsive memorandum, if any, is filed by Plaintiff within which to serve and file a reply in support of its motion.

IT IS FURTHER ORDERED that the time for Plaintiff to effectuate service of process upon the United States shall be extended to fifteen (15) days from the date of entry of this Order. If Plaintiff does not properly effectuate service of process in accordance with Federal Rule of Civil Procedure 4(i) within that time, his Complaint will be dismissed without prejudice, subject to any statute of limitations defense.

1    IT IS FINALLY ORDERED, having determined that there is no just
2 reason for delay, directing the Clerk of the Court to enter
3 judgment in favor of Defendant Internal Revenue Service pursuant to
4 Federal Rule of Civil Procedure 54(b).  This case is not to be
5 terminated, however, pending the passage of time allotted by this
6 Order for Plaintiff to effectuate service of process upon the
7 United States which has been joined as Defendant.
8    DATED this 24th day of January, 2006.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record and plaintiff pro se