**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| George Carrillo | ) | |
| | ) | |
| Plaintiff, | ) | No. CIV 05-1022 PHX RCB |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
|  | ) | |

    This matter arises out of a refund suit filed in this Court by Plaintiff George Carrillo on April 6, 2005 (doc. # 1).  On August 12, 2005, the United States filed a motion to dismiss (doc. # 6) pursuant to Fed. R. Civ. P. 12(b)(1), (5), and (6) for lack of subject matter jurisdiction, insufficiency of service of process, and failure to state a claim.  Plaintiff did not file a responsive memorandum.  Although the Court could have construed Plaintiff's lack of response as his consent to the dismissal of his case, see LRCiv 7.2(i), the Court undertook its own inquiry to determine whether the United States' motion was facially meritorious, see Henry v. Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir. 1993).

On January 25, 2006, the Court issued an Amended Order (doc. # 8), <u>inter alia</u>, dismissing all claims against the Internal Revenue Service and instead joining the United States as Defendant in this action pursuant to Fed. R. Civ. P. 19(a). Although the United States had moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process because the time limit for service had lapsed without its having been served, <u>see</u> Fed. R. Civ. P. 4(m), the Court exercised its discretion to extend the time in which Plaintiff could serve the United States. Am. Order (doc. # 8) at 6-10. The Court granted Plaintiff fifteen (15) days from the date of entry of its Order (doc. # 8) within which to properly serve the United States in accordance with Fed. R. Civ. P. 4(i). <u>Id.</u> at 9-10, 16, 17. In doing so, however, the Court specifically cautioned Plaintiff <u>three times</u> that his failure to do so would result in his case being dismissed without prejudice, subject to any statute of limitations defense. <u>Id.</u> Finally, the Court converted the United States' Rule 12(b)(6) motion to dismiss to a Rule 56 motion for summary judgment in light of extrinsic materials that were provided with its motion. <u>Id.</u> at 10-15.

On February 2, 2006, Plaintiff filed his response (doc. # 10) to the United States' converted motion for summary judgment.

On February 16, 2006, the United States filed its Notice of Plaintiff's Failure to Effectuate Service of Summons and Complaint (doc. # 12), bringing to the Court's attention the fact reflected in the record that Plaintiff did not serve the United States within the fifteen-day extension of time granted by the Court. Because the time limit for service of process as extended by the Court's January 25 Order has lapsed without Plaintiff having properly

1 served the United States or shown good cause warranting a further
2 extension of time, this action is dismissed without prejudice as to
3 Defendant the United States of America, subject to any statute of
4 limitations defense.  The Court does so pursuant to its authority
5 under Fed. R. Civ. P. 4(m) after having given notice to Plaintiff
6 of the impending dismissal in its January 25 Order.  <u>See</u> Am. Order
7 (doc. # 8) at 9-10, 16, 17.

8      Therefore,

9      IT IS ORDERED that, having determined that Plaintiff was
10 properly on notice of the impending dismissal of his action for
11 failure to effectuate service of process within the time limit for
12 service as extended by the Court's January 25 Order, this action is
13 DISMISSED without prejudice as to Defendant the United States of
14 America pursuant to Fed. R. Civ. P. 4(m).

15      IT IS FURTHER ORDERED that the remainder of the United States'
16 motion to dismiss (doc. # 6) pursuant to Rule 12(b)(6), which was
17 converted to a Rule 56 motion for summary judgment, shall be DENIED
18 and DISMISSED as moot.

19      IT IS FINALLY ORDERED directing the Clerk of the Court to
20 enter judgment in favor of Defendant the United States of America
21 and terminate this case.

22      DATED this 27th day of February, 2006.

_____
Robert C. Broomfield
Senior United States District Judge

28 Copies to counsel of record and plaintiff <u>pro se</u>

- 3 -